MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
JULIE C. REAGIN (SBN 167934)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-6570
    Email: Julie.Reagin@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCHE DWAN CLARK,<br><br>    Defendant | Case No. 3:15-CV-03509<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT** |

Plaintiff, United States of America ("United States"), by and through its attorneys, and defendant Marche Dwan Clark ("Clark"), appearing in proper, stipulate and agree as follows:

**RECITALS**

A.    The United States filed a Complaint in this action, seeking to recover a debt of approximately $23,600.10 owing from Clark to the Social Security Administration ("SSA") for overpayment of Social Security disability benefits.

B.    Clark has not yet answered the Complaint; and

C.    The parties are desirous of resolving their dispute under the terms outlined below.

# STIPULATION

1. Parties

The parties to this Stipulation for Entry of Consent Judgment are the United States and Clark.

2. Acknowledgment of Service of Complaint

Clark acknowledges receipt of the Complaint, a copy of which is attached as Exhibit A.

3. Jurisdiction

The court has personal jurisdiction over Clark. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

4. Claim for Relief

The complaint states a claim for relief upon which relief may be granted.

5. Venue

Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. Compromise

The parties agree that this Stipulation for Entry of Consent Judgment constitutes a compromise and settlement of the contentions of the United States asserted in the complaint.

7. Judgment Amount

Judgment shall be entered against Clark in the amount of $23,600.10.

8. Periodic Payments

A. To resolve this matter, the United States has agreed to accept monthly payments of $400.00 from Clark, who has agreed to make those payments using the electronic system PAY.GOV. A summary of the terms of PAY.GOV is attached as Exhibit B. Clark will make his first monthly payment no later than September 1, 2015, and each subsequent payment on the first day of each succeeding month. If the first day of the month is a holiday or weekend, the payment shall be made on the next regular or business day. Clark shall make this monthly payment (or any adjusted monthly payment) until the balance due under the Consent Judgment has been paid in full.

B. Either the United States or Clark may make a request of the other party to increase or reduce the monthly payment provided by this paragraph, should Clark's financial circumstances change.

Clark agrees to supply a financial statement and tax returns to the United States Attorney's Office at its request. This United States Attorney's Office will confirm any change to the monthly payment in writing to Clark.

9. Abstract of Judgment (Lien)

Upon entry of the Consent Judgment, the United States may record an abstract of judgment against Clark in any county. The abstract of judgment shall be released by the United States upon payment of the amount due under the Consent Judgment.

10. Stay of Execution

The United States shall stay execution on the Consent Judgment for so long as Clark is not in default of the terms of the payments required under Paragraph 8.

11. Default

A. Default under this Consent Judgment shall be defined as the failure to make any monthly payment required by the terms of Paragraph 8, when due or in the required amount.

B. In the event Clark defaults under this Stipulation for Entry of Consent Judgment, the entire unpaid balance of the Consent Judgment shall be immediately due and payable. The United States shall have the right to immediately enforce the Consent Judgment by, among other things, executing or garnishing Clark's property, without further notice. In the event of default, Clark will pay any costs associated with the enforcement of the Consent Judgment, including the cost of recording any liens at the County Recorder's office, and attorney's fees.

12. Retention of Jurisdiction

The Court shall retain jurisdiction over this action in order to enforce this Stipulation for Entry of Consent Judgment.

13. Notices

All notices to Clark shall be sent to:

>Marche Dwan Clark
>4800 3rd Street
>Unit 203
>San Francisco, CA  94124

STIP. FOR ENTRY OF CONSENT JUDGMENT
ORDER APPROVING STIPULATION
CASE No. 3:15-CV-03509

3

### 14. Costs and Fees

The parties shall bear their own costs, fees and expenses incurred regarding this action and regarding the negotiation, drafting and execution of this Stipulation for Entry of Consent Judgment.

### 15. Release

Clark accepts the terms of this Stipulation for Entry of Consent Judgment as full settlement and satisfaction of the above-captioned lawsuit and releases and forever discharges the United States and any and all past and present agencies, officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands, of any kind and nature whatsoever, whether suspected or unsuspected, at law, in equity, known or unknown, arising out of this matter.

### 16. California Civil Code § 1542 Waiver

The provisions of California Civil Code § 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Clark, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Clark may have pursuant to the provision of that statute and any similar provision of federal law. Clark understands that, if the facts are later found to be other than or different from the facts now believed to be true, the Stipulation for Entry of Consent Judgment shall be and remain effective notwithstanding such material difference.

### 17. Complete Agreement & Merger

Each party acknowledges that, except as herein expressly set forth, no representations of any kind or character have been made by the other party or that party's agents, representatives, or attorneys to induce execution of this Stipulation for Entry of Consent Judgment or delivery of the documents or payments required by this Stipulation for

STIP. FOR ENTRY OF CONSENT JUDGMENT
ORDER APPROVING STIPULATION
CASE No. 3:15-CV-03509

4

Entry of Consent Judgment. This Stipulation for Entry of Consent Judgment represents the full and complete agreement by and between the parties regarding the subject matter of this Stipulation for Entry of Consent Judgment. This Stipulation for Entry of Consent Judgment shall not be modified or amended except in a writing signed by the person or entity against whom enforcement is sought.

18. <u>No Binding Effect on Other Obligations to United States or Its Agencies or Departments.</u>

Nothing in this Stipulation for Entry of Consent Judgment is intended to affect or bind, nor shall it affect or bind, the United States Internal Revenue Service with respect to any liability that Clark has or may have with respect to claims arising under the Internal Revenue Service Code, Title 26 of the United States Code, or any other United States Government agencies or departments.

19. <u>Waiver of Trial and Appeal</u>

The parties consent to the entry of the foregoing Stipulation for Entry of Consent Judgment, and defendant Clark hereby waives his right to a trial of this action and waives all rights to appeal this action or the Stipulation for Entry of Consent Judgment.

STIP. FOR ENTRY OF CONSENT JUDGMENT
ORDER APPROVING STIPULATION
CASE No. 3:15-CV-03509

5

**SO STIPULATED:**

I/we have read the foregoing, I/we understand the terms, and I/we sign this Stipulation for Entry of Consent Judgment as a free and voluntary act.

Dated: 17 AUG 2015

MARCHE DWAN CLARK
Defendant

MELINDA HAAG
United States Attorney

Dated: 7/30/15          By:

JULIE C. REAGIN
Assistant United States Attorney
For the United States of America

**ORDER APPROVING STIPULATION FOR ENTRY OF CONSENT JUDGMENT**

**IT IS SO ORDERED.**

Dated: September 8, 2015



IT IS SO ORDERED
UNITED STATES DISTRICT JUDGE
Judge Donna M. Ryu

STIP. FOR ENTRY OF CONSENT JUDGMENT
ORDER APPROVING STIPULATION
CASE No. 3:15-CV-03509

6

# EXHIBIT "A"

1 MELINDA HAAG (CABN 132612)
United States Attorney
2 ALEX G. TSE (CABN 152348)
Chief, Civil Division
3 JULIE C. REAGIN (SBN 167934)
Assistant United States Attorney
4
  450 Golden Gate Avenue, Box 36055
5 San Francisco, California 94102-3495
  Telephone: (415) 436-6915
6 FAX: (415) 436-7181
  Email: Julie.Reagin@usdoj.gov
7
8 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 3:15-cv-3509 |
|---|---|
| Plaintiff, | **COMPLAINT FOR COLLECTION OF DEBT** |
| v. | |
| MARCHE DWAN CLARK, | DEBT COLLECTION CASE [L.R. 16-6] |
| Defendant | |

The Plaintiff, United States of America, alleges as follows:

1. This is an action to recover the balance totaling $23,600.10 on an overpayment of disability insurance benefits paid to the defendant, Marche Dwan Clark ("Defendant"), by the plaintiff, the United States of America, Social Security Administration ( "SSA") pursuant to 42 U.S.C. § 423, which has not been repaid.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

**Venue**

3. The Defendant, Marche Dwan Clark, is a resident in San Francisco County, California,

COMPLAINT
CASE No. 3:15-cv-3509

1

which is within the jurisdiction of the Court.

**The Debt**

4. On January 4, 2010, SSA notified Defendant that based upon months he worked between July 2004 and April 2008, it had determined he was eligible for disability benefits, but that Defendant was required to report any changes to SSA that might affect his eligibility, including a change in employment or salary.

5. Without advising SSA, Defendant had returned to substantial gainful work activity in 2008, which rendered him ineligible and resulted in overpayment of Social Security disability insurance benefits from August 2008 to January 2011 totaling $29,640.10.

6. On February 22, 2011, SSA sent an Explanation of Overpayment Notice to Defendant that explained the basis for the overpayment determination as well as a right to appeal or request a waiver. Defendant neither responded nor requested an appeal or waiver.

7. On May 1, 2011, SSA sent a Notice of Disability Cessation to defendant. Defendant did not contact SSA or request an appeal.

8. Between April 2011 and March 2012 SSA sent Defendant several payment demands. Defendant did not respond.

9. On March 11, 2012, SSA sent a Final Notice of Overpayment to Defendant in which SSA advised him that if he failed to contact SSA or repay the overpayment amount by April 5, 2012 , it would consider referring his case to the Department of Justice. Defendant did not respond.

10. On April 18, 2012, SSA notified Defendant that it had received Federal payment owed to him, applied it to his overpayment, and reduced his debt balance to $23,600.10.

11. On December 21, 2012, SSA sent Defendant a Form 632 to complete to request an appeal. Defendant did not respond.

12. On February 28, 2013, the U.S. Department of Justice ("DOJ") sent a letter to Defendant advising him that SSA referred his case to the United States Attorney's Office to initiate legal action against him and advised Defendant to pay the debt in full in order to avoid further legal action. Defendant did not respond.

COMPLAINT
CASE No. 3:15-cv-3509

**Failure to Pay**

13. As of February 4, 2013, Defendant owes Plaintiff a total of $23,600.10. *See* Certificate of Indebtedness attached hereto as "Exhibit A" and made a part hereof.

14. The principal balance on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness.

15. Although payment has been demanded, payment has not been made by Defendant and the entire balance has become due and payable.

**Prayer**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For the sum of $23,600.10, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest;

2. For court costs and an amount equal to the filing fee as allowed pursuant to 28 U.S.C. § 2412(a)(2); and,

3. For such other and further relief as the Court deems just and proper.

Dated: 7/30/15

Respectfully submitted,

MELINDA HAAG
United States Attorney

By: /s/ Julie C. Reagin
JULIE C. REAGIN
Assistant United States Attorney

COMPLAINT
CASE No. 3:15-cv-3509

3

# EXHIBIT "B"

# WHAT IS PAY.gov?

Pay.gov is a secure Government website that allows you to submit payments for your debt(s) electronically. Pay.gov is managed by the Department of Treasury, Financial Management Service.

If you have any questions about accessing Pay.gov, please contact your collection office.



# BENEFITS

- No more paper. No mail delay. You can submit your payments on-line.

- You can make a payment anytime and anywhere with Internet access.

- You can pay via credit card or via a debit transaction from your bank account.

- You can schedule recurring payments through your bank account so your payments will always be on time.





U.S. Department of Justice, JMD/DCM
Nationwide Central Intake Facility
Washington, DC 20530

MAKE YOUR PAYMENTS ON-LINE AT



FINANCIAL MANAGEMENT SERVICES
United States Department of the Treasury

# HOW DOES PAY.gov WORK?

The Pay.gov site is available 24 hours a day, 7 days a week (holidays included) for users to submit payments.

Credit Card Payments

Pay.gov provides real-time authorization for all credit card payments. However, payments will generally be processed the next business day.

Debit Transactions

Debit payments are processed the next business day as long as the transaction is entered before 8:00 p.m. Eastern Standard Time. Transactions entered after 8:00 p.m. Eastern Standard Time may take two business days to process.

Debit processing follows the Federal Reserve holiday schedule. You can find the holiday schedule at:
http://clevelandfed.org/banking/utilities.banking_holidays.cfm

# HOW DO I PAY ON-LINE?

**Step 1:** Obtain your DOJ CDCS case number from your statement or contact your collection office.

**Step 2:** Log on to the Internet and type https://www.pay.gov into your browser's location bar, and hit "enter" to access the Pay.gov web page.

**Step 3:** Go to the SEARCH box at the top of the page and enter:

**DOJ DAOG/CDCS**
Press "enter" or click "Search".

**Step 4:** Click "Continue to the Form" on the next two pages as they appear.

**Step 5:** Use your DOJ CDCS case number and payment information to complete the form. Click submit and then the web-site will walk you through all the screens to finalize your submission.

**NOTE**: To schedule recurring payments you must first register and create a Username and Password.

# HOW TO SET UP Recurring Payments

If you would like to set up recurring payments through Pay.gov, please do the following:

**Step 1:** Go to https://www.pay.gov.

**Step 2:** At the top right of the page you should see: Log in/Register.

**Step 3:** Click on the "Register" link and complete the self-enrollment process.

**Step 4:** Once you are registered, the login page opens. Log into Pay.gov.

**NOTE:** For further instructions, select 'ONLINE HELP' from the blue bar at the top of the page, then click on 'Register with Pay.gov'.

**Step 5:** On the left side of the menu select "Payments", then "Automatic Payments", then "Schedule Automatic Payment".

**Step 6:** Enter the required information to complete the transaction.